UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS TORRES,

                    Plaintiff,

          -against-

DEPARTMENT OF SOCIAL SERVICES;
KAREN FISCHER; JEANNINE LOCICERO;
JANE DOE,

                    Defendants.

23-CV-10553 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is currently incarcerated at Orange County Jail, proceeds *pro se*. He brings

this action asserting claims for violations of his constitutional rights, based on the alleged failure

of employees of the Orange County Department of Social Services (DSS) to investigate his

reports of wrongdoing by the mother of his child. By order dated December 21, 2023, the Court

granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

          The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from claims for such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts. On November 3, 2023, Karen Fischer from the

Orange County DSS contacted Plaintiff to discuss a DSS report that had been sent to him.

Plaintiff told her that, during a video call from the Orange County Jail with his child, he noticed

a "burn mark on her right hand" and learned that the child had been "electrocuted by an outlet socket in the home." (ECF 1 at 4-5.) The child's mother had refused to take the child to the hospital because she feared that Child Protective Services (CPS) would get involved and remove the child. The mother said that the incident had occurred while Plaintiff's mother was caring for the child and that it had been an accident. (*Id.* at 6.) Plaintiff warned the child's mother that he would contact CPS if the child was not taken to the hospital because there might be "long term effect[s]." (*Id.*)

When Plaintiff next spoke to the mother, the mother said that she would have Plaintiff "killed in jail for getting her kids taken away." (*Id.* at 7.) Plaintiff later spoke to the mother's boyfriend, who also stated that he was going to have Plaintiff "killed in prison." (*Id.*) Plaintiff informed DSS Social Worker Fischer about these threats. He also told Fischer that he had proof of sexually explicit activity taking place in the mother's home while the child was present, and that the mother was "OK with her daughter" having seen sexually explicit photos. (*Id.*) Plaintiff alleges that DSS employees "brushed off" information from him about this and other inappropriate conduct by the mother, such as the mother having "fist fights with her daughter." (*Id.* at 8.) Plaintiff states that the mother "allow[ed] her daughter to do a lot of inappropriate things to [him] that made [him] feel uncomfortable," and that in 2022, he had reported this to Jane Doe from DSS. (*Id.* at 7.)

Although the complaint is not entirely clear, Plaintiff seems to state that the mother "made her daughter change her story," and Plaintiff and the daughter both face criminal charges. Plaintiff asserts that he is "being attacked and prosecuted and about to get 15 years in prison because Social Services failed to follow their own reporting procedures." (*Id.*)

3

Plaintiff brings this suit against Orange County DSS, and three of its employees (Karen Fischer, Jeannine Locicero, and "Jane Doe"). He seeks $50 million in damages.

## DISCUSSION

**A.     Failure to investigate**

The government has no general duty under the U.S. Constitution to protect an individual from harm. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."). As a result, "[t]here is . . . no constitutional right to an investigation by government officials." *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *see also Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 284 (N.D.N.Y. 2018) (dismissing "constitutional claim against defendants for failing to report [or] investigate his complaints").

The Second Circuit has recognized two exceptions to this general rule. First, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Deshaney*, 489 U.S. at 200. This affirmative duty to protect arises "not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.*

Second, the government may assume some obligation when it affirmatively creates or increases the danger. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). "The cases where the state-created danger theory was applied were based on discrete, grossly reckless acts committed by the state or state actors leaving a discrete plaintiff vulnerable to a foreseeable injury." *Clarke v. Sweeney*, 312 F. Supp. 2d 277, 291 (S.D.N.Y. Mar. 30, 2004). The state-

created danger doctrine has been applied where state actors facilitated harm, such as "where police officers told skinheads that they would not prevent them from beating up protesters in the park . . . [or] where a prison guard told inmates that it was 'open season' on a prisoner, and the inmates beat up the prisoner." *Matican v. City of N.Y.*, 524 F.3d 151, 155 (2d Cir. 2008).

Plaintiff alleges that he faces criminal charges that, for reasons that are unclear, would not have been brought if Social Workers Fischer, "Jane Doe," and Locicero, had not "brushed off" his reports of misconduct by the mother of his child, and had not "failed to follow their own reporting procedures." (ECF 1 at 8.) However, because Defendants Fischer, Doe, and Locicero had no affirmative duty arising under the U.S. Constitution to investigate Plaintiff's reports of wrongdoing, these allegations fail to state a claim under Section 1983 for a violation of Plaintiff's constitutional rights. *See, e.g.*, *DeShaney*, 489 U.S. at 202-03 (finding state functionaries did not violate Due Process where "[t]he most that can be said . . . is that they stood by and did nothing when suspicious circumstances dictated a more active role for them"). Plaintiff does not plead any facts suggesting that an exception applies. *See, e.g.*, *Jones v. Cnty. of Suffolk*, 236 F. Supp. 3d 688, 701 (E.D.N.Y. 2017) (rejecting application of "state-created danger" exception in case where DSS failed to remove 16-month old child, who later died). Plaintiff's Section 1983 claims against Defendants Fischer, Doe, and Locicero, based on allegations that they failed to investigate his reports of wrongdoing, are therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against Orange County DSS**

Plaintiff's claims against the DSS must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F.

5

Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Moreover, even if the Court were to liberally construe Plaintiff's claims against the Orange County DSS as having been asserted against Orange County, the allegations fail to state a claim under Section 1983. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff's allegations that Orange County DSS employees ignored his reports of wrongdoing and took no action against the mother of his child are insufficient to allege that any Orange County policy, practice, or custom caused a violation of his constitutional rights.

C.     **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint gives no indication that he can amend his complaint to state a claim against any defendant. Because Plaintiff proceeds *pro se*, in an abundance of caution, the Court will hold this matter open on the docket for 30 days to permit him to file an amended complaint. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

    Dated:    April 15, 2024
              New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge