UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
JESUS TORRES,

                Plaintiff,

        -against-

DEPARTMENT OF SOCIAL SERVICES, et al.,

                Defendants.
―――――――――――――――――――――――――

23-CV-10553 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff was detained in Orange County Jail (OCJ) when he brought this complaint *pro see*. He asserted claims, under 42 U.S.C. § 1983, against the Orange County Department of Social Services (DSS) and its employees for their alleged failure to investigate his reports of wrongdoing by the mother of his child.

      By order dated April 15, 2024, the Court dismissed Plaintiff's Section 1983 claims, on the ground that the government has no general duty under the United States Constitution to investigate or protect an individual from harm, and declined supplemental jurisdiction of his state law claims. (ECF 10.) The Court stated that, although the complaint gave no indication that Plaintiff could amend his complaint to state a claim against any defendant, in an abundance of caution, the Court would hold the matter open on the docket for 30 days to permit him to file an amended complaint. That order was mailed to Plaintiff at OCJ on April 17, 2024, and was not returned as undeliverable.

      By order dated May 29, 2024, not having received an amended complaint by the May 15, 2024 deadline, the Court entered judgment. (ECF 11.) Also on May 29, 2024, Plaintiff's notice of change of address dated May 17, 2024, was entered on the docket. (ECF 12.)

      On August 8, 2024, and September 10, 2024, the Court received letters from Plaintiff

(ECF 13-14) and on October 7, 2024, the Court received Plaintiff's "motion for legal services" seeking *pro bono* counsel (ECF 15).[1] The Court liberally construes Plaintiff's letters (ECF 13-14) as motions for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submissions, the Court denies the Rule 60(b) motions and the motion for *pro bono* counsel.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

In his motions, Plaintiff alleges the following:

> Back in 2022, . . .Social Services failed to properly investigate me being charged with raping my stepdaughter, my child being electrocuted and multiple other issue. [In] 2023, it was advised to Social Services that my child's mother was having sexual intercourse while my child was in the other room, my child being electrocuted and the mother neglected my child by not taken here to the hospital. Also how my childs mother and her boyfriend threaten to get me killed while in prison. I even attempted to file a police report and was decline because Orange County District Attorney decline to even investigate. . .
>
> Due to neglect from the District Attorney, Sheriff's Department and Social Services my child was heinously abused. And now I'm being told no charges will

---

[1] The envelopes of these submissions indicate that Plaintiff had moved to Wende Correctional Facility and then Attica Correctional Facility, though he did not file change of address notices. Plaintiff's most recent filing appears to have been posted from Wende Correctional Facility. (ECF 15.) It is Plaintiff's obligation to file a notice of change of address.

> be pressed on either individual . . . I want to fail suit on all 3 parties. I need to know how to file this and I need a lawyer.

(ECF 14 at 2.) [2]

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff fails to demonstrate that he is entitled to relief from the judgment in this action under any of the grounds in Rule 60(b). The jurisdiction of the federal courts is limited. As set forth in the Court's order dismissing Plaintiff's complaint, the United States Constitution does not confer a general duty on government officials to protect an individual from harm or conduct an investigation. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). Plaintiff sued the Orange County Department of Social Services and three employees, alleging that they had failed to properly investigate or protect his child. These allegations do not state a federal claim under Section 1983 for a violation of his rights under the United States Constitution. The Court declined to exercise supplemental jurisdiction of Plaintiff's state law claims, dismissing them without prejudice to his refiling them in state court. Plaintiff's letters do not establish any basis for reconsidering the order of dismissal.

Moreover, because this action is already closed, Plaintiff's motion for appointment of *pro bono* counsel (ECF 15) is denied. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention."

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*Cooper*, 877 F.2d at 172. Because this action does not have a likelihood of success in federal court, Plaintiff's motion for counsel is denied.

Finally, insofar as Plaintiff indicates his wish to file suit against new parties, including the District Attorney and Sheriff's Department, this does not provide any reason to reopen this action. The Court notes that Plaintiff previously named as Defendants, among others, Orange County Assistant District Attorneys. *See Torres v. People*, No. 23-CV-9380 (LTS) (S.D.N.Y. Feb. 29, 2024).[3]

## CONCLUSION

Plaintiff's motions for reconsideration under Rule 60(b) (ECF 13-14) and his motion for *pro bono* counsel (ECF 15) are denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 3, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] If Plaintiff wishes to file a new complaint, he can request complaint forms from the Pro Se Intake Unit or at the prison library.